UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


CHARLES SLAUGHTER and FRANCES SLAUGHTER            PLAINTIFFS

V.                                CIVIL ACTION NO. 1:06cv1143-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                   DEFENDANT


**MEMORANDUM OPINION**

  The Court has before it the motion [7] of State Farm Fire and Casualty Company (State Farm) to dismiss this action under F.R.Civ.P. 12(b)(7) for failure of the plaintiffs to join the mortgage lender as a party under F.R.Civ.P. 19.  State Farm asserts that the absence of the mortgage lender, who is a loss payee under the State Farm policy at issue, makes it impossible for this action to finally resolve all the issues related to its potential liability under the policy.  State Farm reasons that the adjudication of the merits of the claims asserted by the plaintiffs would not necessarily resolve the potential claims of the mortgage lender.  I agree.

  F.R.Civ.P. 19(a) provides:

(a) Persons to be Joined if Feasible.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in the proper case an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

  While I believe State Farm is correct with respect to the joinder of the mortgage lender, justice does not necessarily require that I order the immediate joinder of the mortgage lender.  I am mindful of the potential for the mortgage lenders in this and in similar cases to incur substantial expenses by participating as a party in the great

number of insurance cases that have been filed in the wake of Hurricane Katrina. I am also mindful that the joinder of an additional party at this time may result in considerable delay in the event the current scheduling order must be amended to allow for meaningful participation by the mortgage lender.

The issue that State Farm raises can be resolved in one of three ways, and I am of the opinion that the mortgage lender should be afforded a choice in how to proceed.

Accordingly, I will fashion a remedy that will afford the mortgage lender three alternatives:

1. The mortgage lender shall have the option of intervening in this action and participating as a party in alignment with the plaintiffs. In order to select this alternative, the mortgage lender shall file a complaint for intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action. The complaint in intervention must be filed within thirty days of this order;

2. The mortgage lender shall have the option of approving and ratifying the actions of the plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the event the mortgage lender chooses this option, the lender must do so by filing a written statement into the record in this case indicating his approval and ratification of the prosecution of this action by the plaintiffs. This approval and ratification must be filed within thirty days of the date of this order;

3. The mortgage lender may take no action. This will result in the mortgage lender being made a party defendant under F.R.Civ.P. 19 subject to being realigned as a plaintiff if the mortgage lender's interests are found to be substantially identical to the interests of the plaintiffs vis the insurance contract.

*Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir.1973); See *Necaise v. Oak Tree Savings Bank, SSB*, 645 So.2d 1311 (Miss.1994).

In all events, any judgment which may be ultimately rendered in this action will be payable in accordance with Mississippi law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract may appear.

A separate order will issue. Decided this the 20th day of March, 2007.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge